**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

MANETIRONY CLERVRAIN,

        Plaintiff,

vs.                                                                                                      No. 1:20-cv-01329-KWR-JFR

DIANNA J. DURAN, et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

**THIS MATTER** is before the Court on the Motion for Consideration and Compelling Imposition Financial Burden By Invoking the ANT(S) Movement Act ("TAMA") filed by Plaintiff Manetirony Clervrain. (Doc. 1) ("Complaint"). The Court will dismiss the Complaint under Fed. R. Civ. P. 8, 12(b)(2), and 12(b)(6),

**I. FACTUAL AND PROCEDURAL BACKGROUND**

At the time he filed suit, Plaintiff Manetirony Clervrain was apparently an immigration detainee at Moore Detention Facility in Oklahoma. (Doc. 1 at 1).[1] Plaintiff is a prolific litigator and has filed more than 100 cases in federal courts, most of which lack any connection to the forum state and have been dismissed as frivolous or for failure to state a claim upon which relief can be granted. *See*, *e.g., Clervrain v. Nielsen*, No. CV20-00603-JB-B, 2021 WL 836872, at *1–2 (S.D. Ala. Feb. 4, 2021), *report and recommendation adopted*, No. CV 20-00603-JB-B, 2021 WL 833056 (S.D. Ala. Mar. 4,2021).

---

[1] It is almost impossible to determine Clervrain's status from his filings. At the present time, he is using a mailing address of 4325 S. Scatterfield Road, Anderson, Indiana, which appears to be the address for a UPS Store in Anderson.

1

In this case, he has filed a lawsuit seeking relief from this court regarding the legality of his detention and certain policies at the Moore Detention Facility. (Doc. 1). Plaintiff has named Dianna J. Duran[2] as the sole named defendant and identifies all other Defendants by the designation "et al." (Doc. 1 at 1). In his Complaint, Plaintiff claims he is"

> "being classified as dangerous individuals in concentration camps by
> restrictive means and excessive, and he is respectfully moves this
> honorable courts in his behalf and the ["Protected Class"] against
> defendants across the county by participating in ["Genocide"]
> within the ("INA"), or by abusing immigrants by illegal practice
> or by violated their own criminal laws."

(Doc. 1 at 1). The Complaint cites to the Administrative Procedures Act, Freedom of Information Act, Patent Act, and Copyright Act. (Doc. 1 at 1). The body of the Complaint contains rambling, incoherent allegations of due process, access to the courts, and equal protection violations by the Moore detention facility and other unidentified entities. (Doc. 1 at 3-7). In his prayer for relief, Plaintiff Clervrain requests:

> "this honorable courts issue an order for {"Marshall Service"] and
> for the defendants to served all the courts and for the terminating his
> removal procedure while establishing evidence or litigating his cases for
> the vacatur of his conviction within his pending [Motion for International
> Extraordinary by Questioning the Ants Criminal Massive Issues for
> Genocide Reform Act"] (MIGRA).

(Doc. 1 at 7).

## II. ANALYSIS OF PLAINTIFF CLERVRAIN'S CLAIMS

**A. The Court Likely Lacks Personal Jurisdiction over Plaintiff's Complaint.**

As set out, above, the only Defendant identified by name in this case is Dianna J. Duran. (Doc. 1 at 1). The Complaint contains no factual allegations as to who Dianna J. Duran is, what

---

[2] It is possible that Clervrain is referring to the former New Mexico Secretary of State from 2011 to 2015, but the Complaint is devoid of any factual allegations regarding Duran. The Court will not assume that is what Clervrain intended absent any supporting allegations.

actions she took, or how any acts relate to either New Mexico or Plaintiff. The designation "et al" is insufficient for the Court to determine the identity of any other defendant in this case.

The body of the Complaint makes vague allegations about other entities, such as the Moore detention facility, but does not include any allegations that even mention New Mexico, much less show any factual connection to New Mexico. In the absence of any allegations that any defendant is present in the State of New Mexico or that Plaintiff's claims have any connection to the State of New Mexico, it does not appear from the face of the Complaint that the Court has any jurisdiction over any defendants or claims, and the case is subject to dismissal under Fed. R. Civ. P. 12(b)(2).

Personal jurisdiction is an affirmative defense. However, the Tenth Circuit Court of Appeals has previously held that a district court may, in certain circumstances, properly dismiss an action based on an affirmative defense where the defense clearly appears on the fact of the complaint. *See Fogle v. Pierson,* 435 F.3d 1252, 1258 (10th Cir.2006); *Fratus v. Deland,* 49 F.3d 673, 674–75 (10th Cir.1995). The lack of jurisdiction is clearly apparent on the face of the Complaint.

The Due Process Clause permits the exercise of personal jurisdiction over a nonresident defendant "so long as there exist minimum contacts between the defendant and the forum State." *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 291 (1980). The "minimum contacts" standard may be met, consistent with due process, "if the defendant has purposefully directed his activities at residents of the forum, and the litigation results from alleged injuries that arise out of or relate to those activities." *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 472 (1985). A district court's exercise of personal jurisdiction over defendant must also be reasonable in light of the circumstances surrounding the case. *See id.* at 477–78.

The Complaint does not establish any, much less minimum, contacts with the State of New

Mexico. *Burger King Corp. v. Rudzewicz,* 471 U.S. at 472.   It appears clear from the face of the Complaint that the Court lacks personal jurisdiction over any possible defendants and claims, and the Court will dismiss the Complaint under Fed. R. Civ. P. 12(b)(2).

### B. Plaintiff's Complaint Does Not Meet Fed. R. Civ. P. 8(a) Pleading Requirements

The decision to strike a pleading or to dismiss an action without prejudice for failure to comply with Fed. R. Civ. P. 8 is within the sound discretion of the district court. *See Kuehl v. FDIC,* 8 F.3d 905, 908 (1st Cir.1993); *Atkins v. Northwest Airlines, Inc.,* 967 F.2d 1197, 1203 (8th Cir.1992); *Salahuddin v. Cuomo,* 861 F.2d 40, 42 (2d Cir.1988). In order to state a claim for relief, Rule 8(a) requires a plaintiff's complaint contain "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends, ... (2) a short and plain statement of the claim showing that [he] is entitled to relief, and (3) a demand for judgment for the relief [he] seeks." Fed. R. Civ. P. 8(a). Although the Court is to construe *pro se* pleadings liberally, a *pro se* plaintiff must follow the rules of federal and appellate procedure, *see Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir.1994).

A *pro se* complaint may be stricken or dismissed under Rule 8(a) if it is "incomprehensible." *See Carpenter v. Williams,* 86 F.3d 1015, 1016 (10th Cir.1996); *Olguin v. Atherton*, 215 F.3d 1337 (10th Cir. 2000).  Rule 8(a)'s purpose is to require plaintiffs to state their claims intelligibly so as to give fair notice of the claims to opposing parties and the court. *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007); *Monument Builders of Greater Kansas City, Inc., v. American Cemetery Ass'n of Kansas,* 891 F.2d 1473, 1480 (10th Cir.1989).  Imprecise pleadings undermine the utility of the complaint and violate that purpose of Rule 8. *See Knox v. First Security Bank of Utah*, 196 F.2d 112, 117 (10th Cir. 1952). Rambling and incomprehensible filings that bury material allegations in "a morass of irrelevancies" do not meet Rule 8(a)'s pleading

requirement of a "short and plain statement." *Mann,* 477 F.3d at 1148; *Ausherman v. Stump,* 643 F.2d 715, 716 (10th Cir.1981).

Plaintiff's rambling, incomprehensible filings do not comply with the requirements of Rule 8. Plaintiff's filings bury any material allegations in "a morass of irrelevancies" and do not meet Rule 8(a)'s "short and plain statement" pleading requirement. *Mann*, 477 F.3d at 1148; *Ausherman,* 643 F.2d at 716. The Court will dismiss Plaintiff's Complaint on the grounds that it violates the requirements of Fed. R. Civ. P. 8(a).

### C. Plaintiff's Complaint Fails to State a Claim

Alternatively, the Complaint fails to state a claim for relief and is frivolous. The Court has the discretion to dismiss a complaint *sua sponte* for failure to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6). Under Fed. R. Civ. P. 12(b)(6) the Court must accept all well-pled factual allegations, but not conclusory, unsupported allegations, and may not consider matters outside the pleading. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Dunn v. White,* 880 F.2d 1188, 1190 (10th Cir. 1989). The court may dismiss a complaint under rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged." *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services,* 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570. A claim should be dismissed where it is legally or factually insufficient to state a plausible claim for relief. *Twombly*, 550 U.S. at 570.

In reviewing a pro se complaint, the Court liberally construes the factual allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992). However, a pro se plaintiff's pleadings are judged by the same legal standards that apply to all litigants and a pro se plaintiff

must abide by the applicable rules of court. *Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir. 1994). The Court is not obligated to craft legal theories for the plaintiff or to supply factual allegations to support the plaintiff's claims. Nor may the Court assume the role of advocate for the pro se litigant. *Hall v. Bellmon,* 935 F.2d at 1110.

Although not entirely clear, based on Plaintiff's allegations of due process, access to the courts, and equal protection violations, it appears Plaintiff may be trying to assert civil rights claims. (Doc. 1 at 3-7). 42 U.S.C. § 1983 is the exclusive vehicle for vindication of substantive rights under the Constitution. See, *Baker v. McCollan,* 443 U.S. 137, 144 n. 3 (1979); *Albright v. Oliver,* 510 U.S. 266, 271 (1994) (Section 1983 creates no substantive rights; rather it is the means through which a plaintiff may seek redress for deprivations of rights established in the Constitution); *Bolden v. City of Topeka*, 441 F.3d 1129 (10th Cir. 2006) (claims against state actors for violation of § 1981 must be brought under 42 U.S.C. § 1983). the Court construes Clervrain's claims for violation of rights under the Constitution and § 1981 as civil rights claims brought under 42 U.S.C. § 1983.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must assert acts by government officials acting under color of law that result in a deprivation of rights secured by the United States Constitution. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988). There must be a connection between official conduct and violation of a constitutional right. Conduct that is not connected to a constitutional violation is not actionable under Section 1983. *See Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 1998).

Further, a civil rights action against a public official or entity may not be based solely on a theory of respondeat superior liability for the actions of co-workers or subordinates. A plaintiff must plead that each government official, through the official's own individual actions, has

violated the Constitution. *Ashcroft v. Iqbal,* 556 U.S. 662, 676, 129 S.Ct. 1937, 1948 (2009). Plaintiff must allege some personal involvement by an identified official in the alleged constitutional violation to succeed under § 1983. *Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008). In a Section 1983 action, it is particularly important that a plaintiff's complaint "make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma,* 519 F.3d 1242, 1249-50 (10th Cir. 2008) (emphasis in the original).

The Complaint does not make any factual allegations of any act or omission by any individual official, nor does it contain allegations that conduct by any official resulted in deprivation of a constitutional right. The mere naming of Dianna J. Duran as a Defendant, without any allegations of who she is or personal involvement by her, is insufficient to state a claim upon which relief can be granted. *Ashcroft v. Iqbal,* 556 U.S. at 676, 129 S.Ct. at 1948. Nor do generalized allegations against entity defendants, without identification of actors and conduct that caused the deprivation of a constitutional right, state any claim for relief. *Robbins v. Oklahoma,* 519 F.3d at 1249-50.

Plaintiff's allegations do not support any plausible claim against Duran or any other Defendant. Plaintiff's allegations about his detention are nearly incomprehensible. Often, his words do not form coherent sentences or convey clear thoughts. Plaintiff mentions torture, genocide and concentration camps, but his specific frustration seems to stem from his financial obligations to various courts. (Doc. 1 at 3-7). His allegations are frivolous, do not support any viable claim for relief, and will be dismissed under Fed. R. Civ. P. 12(b)(6).

### D. Clervrain May Not Appear on Behalf of Others

Plaintiff Clervrain appears to make arguments on behalf of other detainees. (Doc. 1 at 1). "The right to proceed pro se in a civil action in federal court is guaranteed by 28 U.S.C. § 1654. [B]ecause *pro se* means to appear for one's self, [however,] a person may not appear on another person's behalf in the other's cause[;] rather, a person must be litigating an interest personal to him." *Adams ex rel. D.J.W. v. Astrue*, 659 F.3d 1297, 1299 (10th Cir. 2011). In *Fymbo v. State Farm Fire and Casualty Co.,* 213 F.3d 1320 (10th Cir.2000), the Tenth Circuit concluded that a litigant may bring his own claims to federal court without counsel, but not the claims of others because "the competence of a layman is 'clearly too limited to allow him to risk the rights of others.' " *Id.* at 1321 (quoting *Oxendine v. Williams,* 509 F.2d 1405, 1407 (4th Cir.1975)); *see also* 7A Wright & Miller, Federal Practice and Procedure: Civil § 1769.1 (citing cases for the rule that class representatives cannot appear pro se). Clervrain may not proceed on behalf of or make claims for any person other than himself.

### III. THE COURT WILL NOT GRANT LEAVE TO AMEND

In deciding whether to dismiss the complaint, in whole or in part, the Court is to consider whether to allow plaintiff an opportunity to amend the complaint. Pro se plaintiffs should be given a reasonable opportunity to remedy defects in their pleadings. *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990). The opportunity to amend should be granted unless amendment would be futile. *Hall v. Bellmon,* 935 F.2d at 1109. An amendment is futile if the amended claims would also be subject to immediate dismissal under the Rule 12(b)(6) or 28 U.S.C. § 1915(e)(2)(B) standards. *Bradley v. Val-Mejias,* 379 F.3d 892, 901 (10th Cir. 2004).

The Court will deny Plaintiff Clervrain leave to amend in this case because the Court concludes any amendment would be futile. Because Plaintiff Clervrain has submitted the same or

similar claims to multiple federal courts, and his current complaint is devoid of any allegations connecting his claims to New Mexico, the Court would lack jurisdiction over any claims he might make and the amended complaint would be subject to dismissal as futile. Moreover, his allegations are largely incoherent and delusional, and wholly fail to state any claim for relief. As such, there is nothing in his current complaint that could be cured by an amendment to his pleading. Therefore, the Court will dismiss the Complaint and enter final judgment in this case.

## IV. **PENDING MOTIONS**

Also pending before the Court are the Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2), Motion for Electronic Filing (Doc. 4), Motion for ["Judicial Intervention(s)"] and Clarification Necessary (Doc. 6), and Motion for ["Prompt Notice(s)"] Or ["Their Expertise Act"] (TEA), Or Opinion(s) By the National Issues Regulatory Treaties Act ("NIRTA") (Doc. 7) filed by Plaintiff Clervrain. The Court will deny Plaintiff Clervrain's motions.

The Court will deny the Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2), Under 28 U.S.C. § 1915(a), the Court may authorize commencement of a civil action without prepayment of fees or costs by "a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1).[3] Clervrain's Application includes the language for a § 1915(a)(1) affidavit, but it is not signed by Clervrain. Therefore, the Court will deny his Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2). The Court will

---

[3] The Court notes that, if Clervrain is, in fact, an immigration detainee, then the "prisoner" provisions of 28 U.S.C. § 1915(a)(2) are inapplicable and the Court is not relying on those provisions in denying his Application. However, if he is a prisoner for purposes of § 1915(a)(2), then his Application would still be subject to denial because he has accrued far more than three strikes under the provisions of 28 U.S.C. § 1915(g). *See Clervrain v. Wilson*, No. 2:20-CV-02061, 2020 WL 1977392, at *1 (W.D. Ark. Apr. 24, 2020) (acknowledging three strikes bar); *Clervrain v. Washington*, No. 2:20-CV-5706, 2020 WL 7318096, at *2 (S.D. Ohio Dec. 11, 2020).

deny the remaining Motion for Electronic Filing (Doc. 4), Motion for ["Judicial Intervention(s)"] and Clarification Necessary (Doc. 6), and Motion for ["Prompt Notice(s)"] Or ["Their Expertise Act"] (TEA), Or Opinion(s) By the National Issues Regulatory Treaties Act ("NIRTA") (Doc. 7) as moot in light of the dismissal of this case.

**IT IS THEREFORE ORDERED THAT:**

(**1**) the Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2), Motion for Electronic Filing (Doc. 4), Motion for ["Judicial Intervention(s)"] and Clarification Necessary (Doc. 6), and Motion for ["Prompt Notice(s)"] Or ["Their Expertise Act"] (TEA), Or Opinion(s) By the National Issues Regulatory Treaties Act ("NIRTA") (Doc. 7) filed by Plaintiff Clervrain are **DENIED**; and

(**2**) the Motion for Consideration and Compelling Imposition Financial Burden By Invoking the ANT(S) Movement Act ("TAMA") filed by Plaintiff Manetirony Clervrain (Doc. 1) is **DISMISSED WITHOUT PREJUDICE** under Fed. R. Civ. P. 8, Fed. R. Civ. P. 12(b)(2), and/or Fed. R. Civ. P. 12(b)(6).

**IT IS SO ORDERED.**

_____
**KEA W. RIGGS**
**UNITED STATES DISTRICT JUDGE**