IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MANETIRONY CLERVRAIN,

   Plaintiff,

vs.              No. 1:20-cv-01329-KWR-JFR

DIANNA J. DURAN, et al.,

   Defendants.

**ORDER DENYING MOTION FOR ["ALIEN STATUS']**

**THIS MATTER** is before the Court on the Motion for ["Alien Status'] or ["Pauperis Status'] or Criteria to Consider by Invoking the ANT(s) Movement Act ("TAMA") (Doc. 10) filed by Plaintiff Manetirony Clervrain. ("Motion for Alien Status").  The Court will deny the Motion.

This Court dismissed Plaintiff Manetirony Clervrain's Complaint on August 19, 2021, for lack of jurisdiction under Fed. R. Civ. P. 12(b)(2), failure to comply with the pleading requirements of Fed. R. Civ. P. 8, and failure to state a claim under Fed. R. Civ. P. 12(b)(6).  (Doc. 8).  The Court also entered final Judgment on that same date.  (Doc. 9).  More than 30 days later, Plaintiff Clervrain filed his Motion for Alien Status in this and four other United States District Courts (Maine, Delaware, Hawaii, and Idaho).  (Doc. 10 at 26).  Plaintiff Clervrain's Motion for Alien Status states:

> "Notice is herby given that **["_Manetirony Clervrain"]_** _is the_ **_["prolific litigant"]_** to support the arguments by ["**_Intellect Intent_**"] that the plaintiff(s) must have adequate access to electronic court resources, and these courts must noted that most of cases filed in these court were filed against various judicial officials and would, therefore, have bearing on the plaintiff(s) right of access to the courts while committed to the cases and control of the ["**_Protected classe(s)_**'] or for reopening, or which is presenting to the courts as part as part of the controversies, or upon reliefs can be granted by the ["**_National Issues_**

*__Regulations Treaties Act__*"] [ ("NITRA")"] . . ."

(Doc. 10 at 1).  Plaintiff Clervrain's Prayer for Relief is four rambling and incoherent pages long.

(Doc. 10 at 21-25).  The body of his Motion for Alien Status does not address any of the grounds

for dismissal of his case in this Court and, like his Complaint, contains no allegation or reference

as to how New Mexico has anything to do with his claims.  (Doc. 10).

Plaintiff's Motion was not filed within 28 days after entry of the Court's Judgment.  (Doc.

10 at 1).  Therefore, the Court cannot construe his Motion for Alien Status as a motion to alter or

amend judgment under Fed. R. Civ. P. 59(e).  Fed. R. Civ. P. 60(b) affords the only basis for post-

judgment relief in this case.

Rule 60(b) provides:

"On motion and just terms, the court may relief a party or the legal
representative from a final judgment, order, or proceeding for the
following reasons:
(1) mistake, inadvertence, surprise, or excusable neglect. . .
(2) newly discovered evidence . . .
(3) fraud . . .
(4) the judgment is void . . .
(5) the judgment has been satisfied, released, or discharged . . .
(6) any other reason that justifies relief."

Fed. R. Civ. P. 60(b)(1)-(6). Rule 60(b) is not intended to be a substitute for a direct appeal. *Morris*

*v. Adams–Millis Corp.,* 758 F.2d 1352, 1356–57 (10th Cir.1985). Rule 60(b) is also not available

to allow a party to reargue an issue previously addressed by the court when the reargument merely

advances new arguments or supporting facts which were available for presentation at the time of

the original argument. *Van Skiver v. United States,* 952 F.2d 1241, 1243 (10th Cir.1991)

("revisiting the issues already addressed is not the purpose of a motion to reconsider and advancing

new arguments or supporting facts which were otherwise available for presentation when the

original is likewise inappropriate."). *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 577–78 (10th Cir. 1996).

Plaintiff Clervrain does not contend that (1) a party has made an excusable litigation mistake or an attorney in the litigation has acted without authority from a party, or (2) where the judge has made a substantive mistake of law or fact in the final judgment or order and, as a result, does not satisfy the mistake and inadvertence provisions of Rule 60(b)(1). 7 Moore, Federal Practice ¶ 60.22[2], pgs. 60–175–179; *see also Thompson v. Kerr–McGee Refining Corp.,* 660 F.2d 1380, 1384–85 (10th Cir.1981); *Security Mut. Cas. Co. v. Century Cas. Co.,* 621 F.2d 1062, 1067 (10th Cir.1980); *Rocky Mountain Tool & Machine Co. v. Tecon Corp.,* 371 F.2d 589, 597 (10th Cir.1966). *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 576–77 (10th Cir. 1996). He does not present any newly discovered evidence or evidence of fraud that would entitle him to seek relief under Fed. R. Civ. P. 60(b)(2) or (3). Relief on the ground that the Judgment is void or has been satisfied, released, or discharged is inapplicable to this case. Fed. R. Civ. P. 60(b)(4), (5).

The only remaining provision of Fed. R. Civ. P. 60(b) is Rule 60(b)(6). However, Clervrain's Motion does not articulate any reason that justifies relief under Rule 60(b). The Court concluded that it lacked jurisdiction over Clervrain's claims (Doc. 8 at 2-4) and Clervrain does not dispute that conclusion. Therefore, to the extent Plaintiff Clervrain's Motion for Alien Status may be considered to have been made under Fed. R. Civ. P. 60(b), Clervrain is not entitled to any relief.

As the Court has previously noted, Plaintiff is a prolific litigator and has filed more than 100 cases in federal courts, most of which lack any connection to the forum state and have been dismissed as frivolous or for failure to state a claim upon which relief can be granted. *See*, *e.g., Clervrain v. Nielsen*, No. CV20-00603-JB-B, 2021 WL 836872, at *1–2 (S.D. Ala. Feb. 4, 2021), *report and recommendation adopted*, No. CV 20-00603-JB-B, 2021 WL 833056 (S.D. Ala. Mar.

4,2021).  (Doc. 8 at 1).  His Motion for Alien Status does not call into question any of the Court's

rulings that the Court lacks jurisdiction, that Plaintiff's Complaint fails to comply with pleading

requirements under the Federal Rules, or that Plaintiff's Complaint fails to state any claim for

relief.  Any further post-judgment filings by Plaintiff will not serve any legitimate purpose.

Therefore, the Court will prohibit Plaintiff from submitting any further filings in this case other

than a notice of appeal or a filing necessary to perfect an appeal.

**IT IS THEREFORE ORDERED THAT:**

**(1)** Plaintiff Manetirony Clervrain's Motion for ["Alien Status'] or ["Pauperis Status'] or

Criteria to Consider by Invoking the ANT(s) Movement Act ("TAMA") (Doc. 10) is **DENIED**;

and

**(2)** the Clerk is **DIRECTED** to return, unfiled, any further filings submitted by Plaintiff

Clervrain in this case other than a notice of appeal or a filing necessary to perfect an appeal.

**IT IS SO ORDERED.**

_____
**KEA W. RIGGS**
**UNITED STATES DISTRICT JUDGE**