IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MANETIRONY CLERVRAIN,

        Plaintiff,

vs.                                                                                 No. 1:20-cv-01329-KWR-JFR

DIANNA J. DURAN, et al.,

        Defendants.

**ORDER DENYING MOTION TO PROCEED ON APPEAL
IN FORMA PAUPERIS AND 28 U.S.C. § 1915(a)(3) CERTIFICATION**

**THIS MATTER** is before the Court upon Plaintiff Manetirony Clervrain's Motion for Mitigating Financial Burden or ("IFP") Constitutional Issues by Massive Issues ["Right Aggravated"] Treatment Act (Doc. 14), which the Court construes as a motion for leave to proceed *in forma pauperis* on appeal. Plaintiff Clervrain has filed a Notice of Appeal in this and four other District Courts (Doc. 12),[1] which appears possibly to appeal from the Court's dismissal of his Complaint and entry of Judgment on August 19, 2021 (Doc. 8, 9). Clervrain apparently seeks to appeal without payment of fees and costs. (Doc. 14 at 1). The Court determines that the appeal is not taken in good faith and seeks to raise issues on appeal that are frivolous. The Court **DENIES** the motion for leave to proceed.

Clervrain appears to seek to proceed on appeal without prepayment of fees or costs under 28 U.S.C. § 1915. His filing includes an affidavit stating that he is unable to prepay the fees or costs on appeal. (Doc. 14 at 1). The affidavit contains only a typewritten name, rather than an

---

[1] Doc. 12 is titled "Notices for ["Appeal Process"], or ["Extension Concern Act'] [Amending Appeal Act"] By the ANT(s) Treaties Act ("TATA") and was submitted to this Court as well as to the Districts of Maine, Delaware, Hawaii, and Idaho.

original signature, in the signature block. (Doc. 14 at 1). The motion also includes 30 pages of rambling, largely incoherent arguments regarding Clervrain's issues on appeal. (Doc. 14 at 1-31).

Section 1915(a)(3) states that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." For purposes of § 1915(a)(3), a good faith appeal is one that presents a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal. *Caravalho v. Pugh,* 177 F.3d 1177, 1179 (10th Cir. 1999).

The Court dismissed Clervrain's Complaint on the grounds that he alleged no connection to New Mexico in his Complaint that would establish jurisdiction in New Mexico, his Complaint did not comply with the pleading requirements of Fed. R. Civ. P. 8, and the Complaint failed to state any plausible claim for relief. (Doc. 8). Clervrain's 25-page notice of appeal does not expressly address any of this Court's rulings but, instead, contains generalized statements and arguments regarding government conspiracies and treatment of immigrants. (See, e.g., Doc. 12 at 2-4, 12-18). Clervrain's appeal, whether from the Court's dismissal of his Complaint (Doc. 8, 9) or from the denial of his Motion for ["Alien Status"] or ["Pauperis Status"] or Criteria to Consider by Invoking the ANT(s) Movement Act ("TAMA") (Doc. 11), is untimely and he presents no reasoned, nonfrivolous argument on the law and facts in support of any issues he may raise on appeal. *Caravalho v. Pugh,* 177 F.3d at 1179.

Under Fed.R.App.P. 24(a)(4), the Court will direct the Clerk to notify the Court of Appeals of this denial of Plaintiff Clervrain's motion for leave to proceed *in forma pauperis* and certification that the appeal is not taken in good faith. Clervrain is advised that he may file a motion for leave to proceed on appeal *in forma pauperis* with the United States Court of Appeals for the Tenth Circuit within thirty (30) days after service of this Order. Fed.R.App.P. 24(a)(5).

**IT IS ORDERED** that the Motion for Mitigating Financial Burden or ("IFP") Constitutional Issues by Massive Issues ["Right Aggravated"] Treatment Act (Doc. 14), which the Court construes as a motion for leave to proceed *in forma pauperis* on appeal is **DENIED**, the Court **CERTIFIES** that the appeal is not taken in good faith, and the Court **DIRECTS** the Clerk to notify the Court of Appeals of this denial and certification.

**IT IS SO ORDERED.**

_____
**KEA W. RIGGS**
**UNITED STATES DISTRICT JUDGE**